# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT ACEVES,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF NORTH AMERICA, et al.,<br><br>        Defendant. | Case No.: 18cv2380-LAB (KSC)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS; AND**<br><br>**ORDER OF DISMISSAL** |

Plaintiff Gilbert Aceves, who was a Defendant in case 15cr2995-AJB, *United States v. Milam,* et al., filed this action without paying the filing fee. He also filed a motion to proceed *in forma pauperis* ("IFP").

**IFP Motion**

Aceves' IFP motion is almost devoid of information. He used a form to file his IFP motion, which prompts him for information, but he has written "0" or "N/A" in response to almost every question. If accepted as true, this means he has no assets or income of any kind, has not had any income in the past two years, and does not expect that to change in the coming year. He also says he has no expenses of any kind. In response to the question asking him to provide other information that will help explain why he cannot pay the cost of these proceedings, he has written "Upon request." The IFP motion is **DENIED**.

The Court is also authorized to deny IFP if the complaint would be subject to dismissal after the mandatory screening under 28 U.S.C. § 1915(e). *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). That serves as an alternative basis for denial of IFP here.

**Complaint**

Aceves' complaint seeking damages against those who were involved in the criminal case, and an injunction forbidding them from violating his civil rights. He has also attached, as an exhibit, a *coram nobis* petition that is pending before Judge Battaglia. His complaint, which is wholly conclusory, claims that all officers of the U.S. Court system, Judge Battaglia, the U.S. Attorney, and Aceves' own counsel colluded and conspired to violate his constitutional rights in connection with his criminal case. He also mentions an unlawful arrest, illegal search and seizure, denial of due process, lack of *Miranda* warnings, manipulation of evidence, and lack of federal jurisdiction, and refers the Court to his *coram nobis* petition for details. The petition does not allege collusion or a conspiracy among Defendants.

The United States enjoys sovereign immunity from his suit for damages in connection with his criminal case and conviction, s*ee United States v. Mitchell*, 445 U.S. 535, 538 (1980), and has not waived this immunity. *See United States v. Idaho*, 508 U.S. 1, 6–7 (1993). Judge Battaglia, all court employees, and the prosecutor are entitled to absolute immunity for the same claims. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc) (judges); *Pomerantz v. County of Los Angeles*, 674 F.2d 1288, 1291 (9th Cir.1982) (judges and court employees); *Imbler v. Pachtman*, 424 U.S. 409, 419 n. 13 (1976) (prosecutors). He has not adequately alleged any claims against his own attorney. To the extent Aceves is claiming he was wrongly convicted or is seeking damages for alleged violations that would render his conviction constitutionally infirm, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 484–85 (1994). He has no standing

to seek prospective injunctive relief on behalf of others accused of crimes. Any claim for prospective injunctive relief on his own behalf is either unripe or is subsumed within his already-pending *coram nobis* or § 2255 motions.

**Conclusion and Order**

The complaint is frivolous, and is **DISMISSED WITHOUT LEAVE TO AMEND.**

**IT IS SO ORDERED**.

Dated: March 21, 2019

*Larry A. Burns*
Hon. Larry Alan Burns
Chief United States District Judge